# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARCOS A PROA and CHRISTINA J. PROA, as individuals,<br><br>Plaintifsf,<br>v.<br>WELLS FARGO BANK, N.A., et al.,<br>Defendants. | Case No. 13cv0759 BTM(WVG)<br>**ORDER GRANTING MOTIONS TO DISMISS COMPLAINT** |

Motions to dismiss have been filed by (1) Fidelity National Title Company; and (2) Wells Fargo Bank, N.A., and U.S. Bank National Association, as Trustee, Successor in Interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-BB. For the reasons discussed below, Defendants' motions to dismiss are **GRANTED**.

## I. FACTUAL BACKGROUND

On October 12, 2004, Plaintiffs Marcos A. Proa and Christina J. Proa borrowed $480,000 from Wells Fargo Bank, N.A. ("Wells Fargo"), to refinance the property located at 10108 Fabled Waters Court, Spring Valley, California

91977 (the "Property"). The loan was secured by a Deed of Trust on the Property. (Compl., Ex. A.) The Deed of Trust identified the Trustee as Fidelity National Title Ins. Co.

On May 14, 2012, Wells Fargo assigned its beneficial interest in the Deed of Trust to U.S. Bank National Association, as Trustee, Successor in Interest to Wachovia Bank, National Association, as Trustee for Wells Fargo Asset Securities Corporation, Mortgage Pass-Through Certificates, Series 2004-BB ("U.S. Bank").

On April 1, 2011, a Notice of Default and Election to Sell under Deed of Trust was recorded by LSI Title Company, as agent for Fidelity National Title Company. (Compl., Ex. B.) According to the Notice of Default, Plaintiffs were in arrears in the amount of $11,591.14 as of March 24, 2011. (Id.)

In a Substitution of Trustee executed on April 12, 2011 and recorded on July 7, 2011, Wells Fargo substituted Fidelity National Title Company ("Fidelity") as Trustee in lieu of Fidelity National Title Ins. Co. (Compl., Ex. C.) Notices of Trustee's Sale were recorded on July 7, 2011 and January 24, 2013. (Compl., Exs D & I.)

On March 15, 2013, the Property was sold at a trustee's sale. On March 25, 2013, a Trustee's Deed Upon Sale was recorded, reflecting the sale of the Property to Granite Ranch Opportunities, LLC. (Fidelity's RJN Ex. B.)

Plaintiffs commenced this action on March 29, 2013. In their Complaint, Plaintiffs assert the following claims: (1) violation of Cal. Bus. & Prof. Code § 17200, et. seq.; (2) intentional misrepresentation; (3) negligent misrepresentation; (4) fraudulent concealment; (5) declaratory relief; (6) violation of 15 U.S.C. § 1611, et seq.; (7) violation of 26 U.S.C. § 2605 et seq.; (8) violation of 15 U.S.C. § 1602, et seq.; (9) violation of 15 U.S.C. § 1692

## II. **STANDARD**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted only where a plaintiff's complaint lacks a "cognizable legal theory" or sufficient facts to support a cognizable legal theory. Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1988). When reviewing a motion to dismiss, the allegations of material fact in plaintiff's complaint are taken as true and construed in the light most favorable to the plaintiff. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). Although detailed factual allegations are not required, factual allegations "must be enough to raise a right to relief above the speculative level." Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007). "A plaintiff's obligation to prove the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] that the pleader is entitled to relief." Ashcroft v. Iqbal, 565 U.S. 662, 679 (2009) (internal quotation marks omitted). Only a complaint that states a plausible claim for relief will survive a motion to dismiss. Id.

## III. **DISCUSSION**

Fidelity and Wells Fargo move to dismiss the Complaint in its entirety for failure to state a claim. As discussed below, the Court agrees that dismissal is warranted.

A. Claims for Intentional Misrepresentation, Negligent Misrepresentation, and Fraudulent Concealment

Plaintiffs' claims for intentional misrepresentation (second cause of action), negligent misrepresentation (third cause of action), and fraudulent

concealment (fourth cause of action) are based on allegations that due to invalid assignments of interest and defects in recorded documents pertaining to the Deed of Trust and nonjudicial foreclosure, Fidelity and Wells Fargo had no standing to foreclose upon the Property. These allegations are not supported by the facts.

Plaintiffs allege that Defendants attempted but failed to assign or transfer Plaintiffs' note to Wells Fargo. (Comp. ¶ 19.) This allegation makes no sense because Wells Fargo was the original lender.

Plaintiffs allege that the Substitution of Trustee was void because it did not comply with Paragraph 24 of the Deed of Trust, which provides that "[t]he instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee." However, the Substitution of Trustee in fact included the name of the beneficiary who is also the original lender (Wells Fargo), the names of the borrowers (Plaintiffs), the name of the original trustee (Fidelity National Title Ins. Co) and the identifying information for the security instrument ("Deed of trust dated 10/12/2004 and Recorded on 10/20/2004 as Instrument No. 2004-0995729 of official records in the Office of the Recorder of San Diego County, California."). (Compl., Ex. C.)

Plaintiffs also contend that the Assignment of Deed of Trust is invalid because it was notarized by an employee of Wells Fargo, the assignor. (Compl. ¶¶ 32-41.) Plaintiffs point to an excerpt from the Pocketbook for Iowa Notaries Public (Compl., Ex. H.), which explains that because a notary is supposed to act as an impartial witness, "[i]f the notary stands to make a financial gain by notarizing such a document or is a party or a representative of a party to the document, they should refer it to another notary and avoid the risk of a lawsuit based upon the financial interest in the agreement." Even assuming the Wells Fargo employee stood "to make a financial gain" from

notarizing the document, Plaintiffs do not provide any authority that this circumstance would make the notarized document *void as a matter of law*.

Plaintiffs allege that the Notice of Default was defective because it did not attach a Declaration of Due Diligence as required by Cal. Civ. Code § 2923.5. (Compl. ¶ 27.) At the time the Notice of Default was recorded, section 2923.5(a)(2) provided, "A mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure." Section 2923.5(b) further provided, "A notice of default filed pursuant to Section 2924 shall include a declaration that the mortgagee, beneficiary, or authorized agent has contacted the borrower, has tried with due diligence to contact the borrower as required by this section, or that no contact was required pursuant to subdivision (h)." The Notice of Default recorded in this case complied with the requirements of § 2923.5 by including the following language in its last paragraph:

> The mortgagee, beneficiary or authorized agent for the mortgagee or beneficiary pursuant to California Civil Code § 2923.5(c) declares that the mortgagee, beneficiary or the mortgagee's or beneficiary's authorized agent has either contacted the borrower or tried with due diligence to contact the borrower as required by California Civil Code § 2923.5.

(Compl., Ex. B.)[1]

Plaintiffs also challenge the validity of the Notices of Trustee's Sale. According to Plaintiffs, the notices did not list a sale date. (Compl. ¶¶ 31, 43.) However, the first Notice of Sale included a sale date of July 27, 2011 (Compl.,

---

[1] Section 2923.5 was revised by 2012 legislation (Stats.2012, c. 87 (S.B. 900)). Now, section 2923.5 specifies that the *mortgage servicer* shall contact the borrower. In their Opposition, Plaintiffs argue that the declaration in the Notice of Default is invalid because the Notice of Default was signed by an agent of the Trustee, not the "mortgage servicer." However, under the version of the statute in effect in 2011, contact could be made by the mortgagee, beneficiary, or authorized agent. Furthermore, section 2923.5 does not require that the mortgage servicer execute the declaration, just that the notice of default include a declaration that the mortgage servicer contacted or attempted to contact the borrower.

Ex. D), and the second Notice of Sale included a sale date of February 13, 2013. (Compl., Ex. I.)

Plaintiffs have not made out a plausible claim that Defendants recorded false documents and/or lacked standing to foreclose upon the Property. Therefore, Plaintiffs' claims for intentional misrepresentation, negligent misrepresentation, and fraudulent concealment fail.

B.  Federal Statutory Claims

Plaintiffs allege that Defendants violated federal laws, including 15 U.S.C. § 1611 (Truth in Lending Act - "TILA"), 15 U.S.C. § 1602 (Home Ownership and Equity Protection Act - "HOEPA"), 26 U.S.C. § 2605 (Real Estate Settlement Procedures Act - "RESPA"), and 15 U.S.C. § 1692 (Fair Debt Collection Practices Act - "FDCPA"). Plaintiffs have failed to state a claim under these federal statutes.

1.  TILA & HOEPA

In their sixth and eighth causes of action, Plaintiffs allege that Defendants violated TILA and HOEPA by failing to make a full accounting, by failing to make required disclosures, and by extending credit to Plaintiffs without regard to repayment ability. Plaintiffs' TILA and HOEPA claims are barred by the statute of limitations. Damages claims under TILA and HOEPA must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). Generally, the limitations period starts at the consummation of the transaction. King v. California, 784 F.2d 910, 915 (9th Cir. 1986). This lawsuit was filed more than eight years after the loan at issue closed.

Although equitable tolling of TILA cases is available in some cases, see King, 784 F.2d at 915, Plaintiffs have not alleged any facts suggesting that the doctrine of equitable tolling is applicable here. "In order for the doctrine of

equitable tolling to be applied in a TILA action, the Plaintiff must show that his creditor fraudulently concealed the violation." Kelley v. Galveston Autoplex, 196 F.R.D. 471, 478 (S.D. Tex. 2000). See also Hubbard v. Fidelity Federal Bank, 91 F.3d 75, 79 (9th Cir. 1996) (holding that one-year statute of limitations was not tolled as to initial TILA disclosures because "nothing prevented [plaintiff] from comparing the loan contract, Fidelity's initial disclosures, and TILA's statutory and regulatory requirements."). Plaintiffs have not alleged any facts showing that Defendants engaged in conduct to prevent them from discovering their claim. It seems that nothing prevented Plaintiffs from looking into whether Wells Fargo made all of the required disclosures. Similarly, there is no apparent reason why Plaintiffs could not have timely discovered their claim that credit was extended without proper regard to their ability to pay.

Plaintiffs also seek rescission under TILA . (Compl. ¶ 99.) Under TILA, the borrower may rescind the loan agreement if the lender fails to deliver certain forms or make proper disclosures. 15 U.S.C. § 1635. Initially, the borrower has three days following the consummation of the transaction or the delivery of the disclosure forms to notify the creditor of his intent to rescind. 15 U.S.C. § 1635(a). If, however, the creditor fails to provide notice of the borrower's right of rescission or fails to make a material disclosure, the "right of rescission shall expire three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first . . . ." 15 U.S.C. § 1635(f).

Even if Plaintiffs' right to rescind was extended to three years, that time expired long before Plaintiffs gave notice of rescission by filing this suit. Section 1635(f) "completely extinguishes the right of rescission at the end of the 3 year period." Beach v. Ocwen Federal Bank, 523 U.S. 410, 412 (1988). The Ninth Circuit explains, "§ 1635(f) is a statute of repose, depriving the courts of subject matter jurisdiction when a § 1635 claim is brought outside the three-

year limitation period." Miguel v. Country Funding Corp., 309 F.3d 1161, 1164 (9th Cir. 2002). Thus, the three-year period for rescission is not subject to equitable tolling. See Kimball v. Flagstar Bank F.S.B., 2012 WL 3030102, at *8 (S.D. Cal. July 25, 2012); Khan v. ReconTrust Co., 2012 WL 2571312, at *4 (N.D. Cal. July 2, 2012).

### 2. RESPA

In their seventh cause of action, Plaintiffs allege that Defendants violated RESPA, by placing Plaintiffs in a loan "for the purpose of unlawfully increasing or otherwise obtaining yield spread fees and sums in excess of what would have been lawfully earned." (Compl. ¶ 105.)

Plaintiffs' claim is barred by RESPA's one-year statute of limitations. 12 U.S.C. § 2614. As discussed above, although Plaintiffs' loan closed in October 2004, this action was not filed until March 2013.

### 3. FDCPA

In their ninth cause of action, Plaintiffs allege that Defendants violated the FDCPA, 15 U.S.C. § 1692g, by failing to validate Plaintiffs' debt. (Compl. ¶ 119.) Plaintiffs also suggest that Defendants violated the FDCPA by enforcing the Deed of Trust through nonjudicial foreclosure even though they had no legal right to do so. (Compl. ¶ 19.)

Plaintiffs' claim for violation of 15 U.S.C. § 1692g fails because Wells Fargo, the party to whom any request for debt validation would have been directed, is a mortgage servicer, and mortgage servicers are not "debt collectors." The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or

asserted to be owed or due another." 15 U.S.C. § 162a(6). The Court agrees with the courts that hold that a mortgagor or mortgage servicing company ordinarily is not a "debt collector" within the meaning of the FDCPA. See e.g., Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985) (holding that FDCPA's definition of debt collector "does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt, so long as the debt was not in default at the time it was assigned."); Walker v. Equity 1 Lenders Group, 2009 WL 1364430, * 7 (S.D. Cal. May 14, 2009); Nool v. Homeq Servicing, 653 F. Supp. 2d 1047, 1053 (E.D. Cal. 2009).

To the extent Plaintiffs mean to assert a claim under § 1692f(6)(A), which provides that it is an unfair debt collection practice to take or threaten to take any nonjudicial action to effect dispossession or disablement of property "if there is no present right to possession of the property claimed as collateral through an enforceable security interest," Plaintiffs have not alleged facts showing that Defendants lacked the right to enforce the Deed of Trust through nonjudicial foreclosure. To the extent Plaintiffs intend to assert a claim under § 1692e, which prohibits false, deceptive, or misleading representations in connection with the collection of any debt, Defendants' actions in initiating nonjudicial foreclosure proceedings do not constitute debt collection activity within the scope of § 1692e . See Hulce v. Ocwen Federal Bank, FSB, 195 F. Supp. 2d 1188, 1204 (D. Or. 2002); Izenberg v. ETS Servs., LLC, 589 F. Supp. 2d 1193, 1198-99 (C.D. Cal. 2008).[2]

Accordingly, Defendants' motions to dismiss are granted as to Plaintiffs'

---

[2] Section 1692a(6) specifies that *for the purposes of § 1692f(6)*, the term debt collector "also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests," meaning that such a person does not fall within the scope of the *general* definition of a debt collector. Therefore, the acts Defendants took to enforce a security interest do not qualify as debt collection within the scope of § 1692e. See Natividad v. Wells Fargo Bank, N.A., 2013 WL 2299601, at * 9 (N.D. Cal. May 24, 2013).

FDCPA claim.

C. <u>Declaratory Relief Claim and Claim for Violation of Cal. Bus. & Prof. Code § 17200</u>

In their first cause of action, Plaintiffs allege that Defendants violated Cal. Bus. & Prof. Code § 17200 by wrongfully foreclosing on the Property. In their fifth cause of action, Plaintiffs seek a declaration that Defendants lack standing to authorize and conduct foreclosure and that any sale of the Property is therefore void. These claims are premised on Plaintiffs' other claims, which the Court has determined are subject to dismissal. As discussed above, Plaintiff has not made out a plausible claim that Defendants lacked standing to foreclose on the Property and/or violated federal statutes in connection with extending the loan or pursuing nonjudicial foreclosure. Therefore, Defendants' motions to dismiss are granted as to these claims as well.

## IV. CONCLUSION

For the reasons discussed above, Defendants' motions to dismiss are **GRANTED**. Plaintiffs' Complaint is **DISMISSED** for failure to state a claim. The Court will grant Plaintiffs one opportunity to amend their complaint. If Plaintiffs choose to do so, the amended complaint must be filed within 15 days of the entry of this Order.

**IT IS SO ORDERED.**

DATED: August 22, 2013

BARRY TED MOSKOWITZ, Chief Judge
United States District Court